| STANLEY JORDAN | * | NO. 2021-CA-0533 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| CHASE BANK & WASHINGTON MUTUAL HOMEOWNERS DEPARTMENT | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

## LEDET, J., DISSENTS WITH REASONS

I would find that Appellant's claims are prescribed. As the majority points out, Appellee's peremptory exception of prescription is based on the theory that "since Washington Mutual's last disbursement to Plaintiff [Appellant] was made on December 3, 2007, any claim relating to the loan made to Plaintiff [Appellant], whether in tort or contract, prescribed by December 3, 2017, before suit was filed on November 15, 2018." Agreeing with Appellees' theory, the trial court, in its oral reasons, observed that "[a]s it relates to the exception of prescription, if we look at Mr. Jordan's claims under tort law it would've prescribed on December 3, 2008. If we looked at it under contract law, then prescription would've been had on December 3, 2017. Therefore the exception of prescription is hereby sustained." I agree.

The majority does not dispute the trial court's finding. Instead, the majority finds that "facts relevant to prescription need to be further developed for a proper review by this Court." Exactly what facts would be relevant are not articulated. The majority further finds that "[t]he nature of a cause of action must be determined prior to deciding the applicable prescriptive term and whether the alleged facts are sufficient to form the basis of an actionable claim and to toll

1

prescription." I respectfully disagree. Regardless of the nature of the cause of action—tort or contract—it is prescribed.

For these reasons, I would affirm the trial court's judgment dismissing Appellant's suit on this independent basis—sustaining the peremptory exception of prescription.